IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-48,498-02






EX PARTE ELKIE LEE TAYLOR








ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM CAUSE NO. 0542281AR IN THE 297TH DISTRICT COURT 

OF TARRANT COUNTY





Per curiam. Johnson, J., concurs in the denial of relief, joined by Keasler, Hervey,
and Cochran, JJ.



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Section 5 of the Texas Code of Criminal Procedure.

 On June 24, 1994, Applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. The
conviction was affirmed on direct appeal. Taylor v. State, 920 S.W.2d 319 (Tex. Crim.
App. 1996).

 Applicant alleges in his application that his death sentence would violate the
Eighth Amendment's prohibition against the execution of the mentally retarded. Atkins v.
Virginia, 536 U.S. 304 (2002). This claim satisfies the requirements of Article 11.071,
Section 5 of the Texas Code of Criminal Procedure, and was remanded to the trial court
for consideration of the issue. The trial court, without holding a live hearing to consider
testimony regarding the issue, made findings of fact and conclusions of law
recommending that the application be denied because Applicant failed to show by a
preponderance of the evidence that he is mentally retarded. We found a live hearing
necessary and remanded the cause to the trial court for a live hearing so that the parties
could present evidence regarding the issue of whether Applicant is mentally retarded.

 The trial court held a hearing and made findings of fact and conclusions of law
recommending that this application be denied because Applicant has failed to show that
he is mentally retarded. We have reviewed the record of the hearing and the trial court's
findings of fact and conclusions of law and agree this application should be denied. 

 IT IS SO ORDERED THIS THE 1ST DAY OF FEBRUARY, 2006.


Do Not Publish